UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 21-cr-36 (NEB/DTS) |
| v. | THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUSPEND CIVIL FORFEITURE PROCEEDINGS |
| DAYTON CHARLES SAUKE, | |
| Defendant. | |

The United States of America, by and through W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Quinn Hochhalter and Craig Baune, Assistant United States Attorneys, submits this response in opposition to Defendant Dayton Sauke's Motion to Suspend Civil Forfeiture Proceedings (ECF 38). For the reasons stated below, the United States respectfully requests that the Court deny the motion.

I.  BACKGROUND

A. Factual and Procedural History

On January 15, 2021, the Defendant met with an undercover agent in a Walmart parking lot in Faribault, Minnesota, to sell a privately-made firearm. ECF 1-1 at ¶ 12. After the sale, the Defendant was taken into custody. *Id*. at ¶13. Law enforcement saw in plain view a short-barreled shotgun and box of ammunition on the rear floorboard of the vehicle the Defendant was driving. *Id*. at ¶ 14. The vehicle was towed to the Faribault Police Department and searched pursuant to a search warrant. *Id*. at ¶ 15. The same day, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a search warrant

at the Defendant's home in Owatonna, Minnesota, where additional ammunition and firearms were found.

On February 11, 2021, a grand jury returned an Indictment against the Defendant, charging him with one count of Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  ECF 9.  The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), of any firearm involved in any violation of the National Firearms Act, including but not limited to an unmarked 12-guage shotgun with a barrel measuring less than 18 inches, and an overall length of less than 26 inches, seized from the Defendant on January 15, 2021.

On March 2, 2021, ATF sent a written notice of seizure and initiation of administrative forfeiture proceedings to the Defendant.  ECF 38-1.  The notice stated that on January 15, 2021, ATF seized 22 rounds of assorted ammunition in Faribault, Minnesota, as well as a Sun City Machinery Co. Stevens 320 Shotgun, serial number 172613A; a Ruger pistol, serial number 12-45050; and 116 rounds of assorted ammunition in Owatonna, Minnesota.  *Id*.  The notice advised the Defendant that he has until April 6, 2021 to assert an interest in the seized property by filing a claim.  *Id* at 2.  The unmarked 12-guage shotgun included in the Indictment, which was found in the vehicle driven by the Defendant, is not listed in the administrative forfeiture notice and is therefore not part of the administrative forfeiture.

B.  Overview of the Administrative Forfeiture Process

Administrative forfeiture, also referred to as civil "nonjudicial forfeiture," is a procedure handled solely by the federal law enforcement agency that seized the property. *See* 28 C.F.R. § 8.2 (defining administrative forfeiture)[1]. After seizing the property, the agency provides direct written notice to interested parties[2], giving potential claimants an opportunity to assert an interest in the property by filing a claim pursuant to 18 U.S.C. § 983(a)(2). *See* 18 U.S.C. § 983(a)(1); *see also* 19 U.S.C. § 1607(a); 28 C.F.R. § 8.9. The seizing agency must send notice "as soon as practicable, and in no case more than 60 days after the date of seizure" (or within 90 days if the property was initially seized by state or local law enforcement), or it loses the right to administratively forfeit the property[3]. 18 U.S.C. § 983(a)(1)(A)(i)-(iv). Potential claimants have until the deadline set forth in their notice to file a claim. 18 U.S.C. § 983(a)(2)(B); 28 C.F.R. § 8.9(b).[4] A claim shall (i) identify the specific property being claimed; (ii) state the claimant's interest in such

---

[1] Relevant procedure and authority for administrative forfeitures is set forth in various statutes. *See*, *e.g.*, 19 U.S.C. §§ 1602-1619; 18 U.S.C. §§ 981, 983. Additionally, procedure for forfeitures administered specifically by the Department of Justice can be found at 28 C.F.R. parts 8 and 9.

[2] An "interested party" is "any person who reasonably appears to have an interest in the property based on the facts known to the seizing agency before a declaration of forfeiture is entered." 28 C.F.R. § 8.2.

[3] Except in limited certain circumstances, such as when the United States Attorney's Office files a civil judicial forfeiture or a criminal forfeiture as part of an indictment. *See* U.S.C. § 983(a)(1)(A)(i)-(v). None of the statutory exceptions apply in this case.

[4] Notice of the administrative forfeiture proceedings is also published on the official internet government forfeiture site, https://www.forfeiture.gov. Individuals who do not receive written notice of forfeiture have until 30 days after the last date of publication to file a claim. 18 U.S.C. § 983(a)(2)(B); 28 C.F.R. § 8.9(a).

property; and (iii) be made under oath, subject to penalty of perjury. 18 U.S.C. § 983(a)(2)(C); 28 C.F.R. § 8.10.

If a person files a timely and valid claim, the seizing agency must end the administrative forfeiture proceeding and refer the case to the United States Attorney if it wishes to proceed with the forfeiture. 18 U.S.C. § 983(a)(3)(A)-(C); 19 U.S.C. § 1608; 28 C.F.R. § 8.10(e). The United States Attorney must then either direct the agency to return the property or commence a judicial forfeiture action (civil or criminal) in the district court. *Id*. Thus, the proceeding remains at the administrative level until a civil forfeiture complaint or a criminal indictment is filed in the district court alleging that property is subject to forfeiture. *See Id*.

If, after notice of administrative forfeiture is given to interested parties, no timely and valid claim is filed, the agency may declare the property forfeited. 19 U.S.C. § 1609(a); 28 C.F.R. § 8.12. Such declaration of forfeiture has "the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." 19 U.S.C. §1609(b); 28 C.F.R. § 8.12.

A criminal indictment including an allegation of forfeiture can also be filed before an agency initiates administrative forfeiture of the property. *See* 18 U.S.C. § 983(a)(1)(A)(iii). The agency must still give notice of the administrative forfeiture to all interested parties in order to proceed with an administrative forfeiture. *Id*. An administrative forfeiture pending against seized property "does not bar the government from alleging that the same property is forfeitable in a criminal case" and, "notwithstanding the fact that an allegation of forfeiture has been included in a criminal indictment, the

property may be administratively forfeited in a parallel proceeding." 28 C.F.R. § 8.11; *see also United States v. Ursery*, 518 U.S. 267, 274 (1996) ("Since the earliest years of this Nation, Congress has authorized the Government to seek parallel *in rem* civil forfeiture actions and criminal prosecutions based upon the same underlying events."). In this case, however, the firearm explicitly referenced in the indictment is not one of the items listed for administrative forfeiture in the notice provided to the Defendant.

## II. ARGUMENT

A. <u>The Court Lacks Jurisdiction to Stay the Administrative Forfeiture Proceeding</u>.

The Defendant's motion must be denied because the Court lacks jurisdiction to stay the administrative forfeiture proceeding. The administrative forfeiture is not a part of this case, and the Defendant provides no authority for this Court to intercede in that matter. None exists. The agency processing the forfeiture, the ATF, is not a party to this criminal case. Moreover, ATF was statutorily authorized to commence the administrative forfeiture proceeding, and its deadline to do so was "as soon as practicable, and in no case more than 60 days after the date of seizure;" it could not wait for the resolution of the criminal case. 18 U.S.C. § 983(a)(1)(A)(i).

The Defendant incorrectly cites 18 U.S.C. § 981 as support for the Court's "authority to suspend forfeiture proceedings," but that argument is mistaken because the statute applies only to civil *judicial* forfeiture proceeding, not *administrative* forfeiture proceedings such as the one ATF initiated here. ECF 38 at 2.

Section 981 allows either party to a civil *judicial* forfeiture case to request a stay. The statute provides that, upon the United States' motion, the court shall stay a civil

forfeiture proceeding if it "determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1).  Similarly, upon the Claimant's motion, the court shall stay a civil forfeiture proceeding if it determines that:

(A) the claimant is the subject of a related criminal investigation or case;

(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and

(C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2).  This would be addressed by a judge assigned to the civil case at the appropriate time.

Although Congress directed courts to stay civil *judicial* forfeiture proceedings in certain circumstances, it did not provide an avenue for a court to stay *administrative* forfeiture proceedings, as the Defendant requests here.  The plain language of § 981(g) applies only to judicial forfeiture cases.  And a reading of § 981(g) in its entirety shows why that is the case:  Congress was concerned about to the impact of civil discovery while a criminal investigation or prosecution was ongoing.  *See* 18 U.S.C. § 981(g)(1)-(7).  Courts have acknowledged this concern when finding that a stay is warranted.  *See, e.g., United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 651-52 (7th Cir. 2013) (finding that the lower court should have granted claimant's motion to stay civil judicial forfeiture proceedings because the continuation of the forfeiture proceeding impinged claimants' right against self-incrimination in the criminal case, given interrogatories submitted by government required them to disclose sources of seized funds).

Of course, there is no discovery in administrative forfeiture proceedings, which terminate upon the agency's receipt of a claim. 18 U.S.C. § 983(a)(2)(c). Therefore, not only does the plain language of § 981(g) fail to provide authority to stay administrative forfeiture proceedings, but the rationale underlying stays of civil judicial forfeiture proceedings is inapplicable as well. Because § 981(g) does not, and is not meant to, apply to administrative forfeiture proceedings, it provides no basis for the relief the Defendant seeks[5]. *See United States v. Muhammed Alazhari*, 88:20-cr-206-T-60AEP, 2020 LEXIS 252301 *5-6 (M.D. Fla. December 2, 2020), *aff'd*, 2021 U.S. Dist. LEXIS 57755 (M.D. Fla. Jan. 7, 2021) (denying the defendant's motion to stay an administrative forfeiture, finding the court lacked jurisdiction over the administrative forfeiture proceeding.)

B.  The Defendant's Fifth Amendment Claim Does Not Support a Stay.

The Defendant vaguely asserts that filing a claim in the administratively forfeiture would "implicate" the Fifth Amendment. ECF 38 at 2. The Fifth Amendment provides, in relevant part, that "No person . . . shall be compelled in any criminal case to be a witness against himself . . .". U.S. Const. amend. VI. Although the Defendant admits the items subject to administrative forfeiture are not the subject of the charged offense in this case,

---

[5] In any event, the Defendant has failed to meet the requirements set forth in 18 U.S.C. § 981(g)(2) to obtain a stay, even if that provision applied here. First, the statute provides that only a claimant may request a stay, but the Defendant has not filed a claim and is therefore not a claimant to any civil forfeiture proceeding. Second, even after becoming a claimant, the Defendant must demonstrate that he has standing to file the claim before the Court can entertain a stay request. Third, the Defendant must show that his Fifth Amendment rights will be actually burdened by the continuation of the civil proceeding. Thus, in additional to the jurisdictional defects with this request, it meets none of the substantive requirements of the statute and would have to be denied on the merits.

7

he hypothesizes that a claim could perhaps support other charges and sentencing enhancements, without identifying what they may be. ECF 38 at 2. In that case, the Defendant appears to seek to argue that the property is his for purposes of forfeiture, but is not his for purposes of the criminal charges.

If the Defendant's concern is that an administrative forfeiture claim will be used against him in the criminal case, the most appropriate course of action would be for the Defendant to file a motion *in limine* seeking to exclude its introduction into evidence in the criminal case. That procedure would avoid the procedural and jurisdictional problems created by the Defendant's Motion to Stay Forfeitures, while allowing the Court to fully consider a motion *in limine* if and when one is fully briefed.

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny Defendant's Motion to Suspend Civil Forfeiture Proceedings (ECF 38).

Respectfully submitted,

Dated: March 30, 2021

W. ANDERS FOLK
Acting United States Attorney

*s/ Quinn Hochhalter*
BY:  QUINN HOCHHALTER
Attorney ID No. 07791ND
quinn.hochhalter@usdoj.gov
CRAIG R. BAUNE
Attorney ID No. 331727
craig.baune@usdoj.gov
Assistant U.S. Attorneys
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600