UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-36 (NEB/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER OF DETENTION** |
| ) | |
| DAYTON CHARLES SAUKE, ) | |
| ) | |
| Defendant, ) | |
| ) | |

This matter came before the Court on June 21, 2021, for a hearing on the defendant's Motion to Reconsider Pretrial Detention (DCD 50.) The Defendant was present and represented by his attorney, Andrew Mohring, Esq. The United States was represented by Assistant United States Attorney Justin A. Wesley.

Defendant Sauke is charged by Indictment with one count of possession of an unregistered firearm. On January 21, 2021, a detention hearing was held. Pre-trial services interviewed the Defendant and issued a report recommending detention, finding that the Defendant presented a risk of non-appearance and a danger to the community. The United States argued in support of that recommendation, relying upon the Complaint Affidavit and the pretrial services report. The Defendant also proffered information and argued against detention. The Court[1] concluded that there was a clear and convincing showing that no condition or combination of conditions of bond would reasonably ensure the safety of the

---

1 United States Magistrate Judge David T. Schultz was the presiding judge at that hearing.

community and a preponderance of the evidence demonstrating that releasing the Defendant would create a serious risk of his nonappearance. Accordingly, the Court granted the Government's motion for Detention.

On May 20, 2021, the Defendant filed a motion for reconsideration, arguing that his mental health diagnosis and medication warranted his release. A hearing was held before the undersigned on June 21, 2021, where the United States presented testimony and offered exhibits. After arguments from counsel, the Court concluded that the Defendant still presents a risk of danger to the community, and that no condition or combination of conditions would reasonably address the issue of public safety. Therefore, detention is still appropriate.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. The Court finds that detention is justified in order to ensure the safety of the community.

The burden is on the Government to show by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if Defendant is released. 18 U.S.C. § 3142(f).

A court may reopen a detention hearing if it "finds that information exists that was not known by the movant at the time of the hearing *and that has a material bearing on the issue* whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C.

§ 3142(f) (emphasis added). A defendant must demonstrate how the new information "would [materially] reduce his risk of nonappearance or the risk that he poses to the community;" otherwise, he may not reopen detention. *United States v. Crandell*, No. 19-cr-255 (JNE/TNL), 2020 WL 1873047, at *1 (D. Minn. Apr. 15, 2020).

Although the Court finds that there has been some new change in the Defendant's circumstances, such change does not have a material bearing on the issue of whether there are conditions of release that would reasonably assure the safety of the community.

According to the bond report prepared by the office of probation and pretrial services, the Defendant has engaged in criminal activity while on supervision, has pending charges, and has not complied with state probation. The bond report further enumerates the reasons the Defendant poses a risk of danger, including the nature of the offense, his prior history involving guns and drugs, his substance abuse history, and his non-compliance while on probation. Testimony from S.A. Thomas and the exhibits submitted by the United States at the hearing also support these conclusions. While the Defendant does have a new diagnosis and treatment plan, those do not obviate the Court's previous findings.

## CONCLUSION

Based upon the evidence presented, the Court concludes that the United States has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community. Accordingly,

IT IS HEREBY ORDERED that:

1. The Defendant's Motion to Reconsider Pretrial Detention is DENIED;

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: June 22, 2021               *s/Tony N. Leung*
                                   The Honorable Tony N. Leung
                                   United States Magistrate Judge