UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-36 (NEB/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAYTON CHARLES SAUKE,

    Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

    The United States of America and Dayton Charles Sauke (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a), 5841, 5861(d) and 5871.

    2.    **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts, and further agrees that if the parties were to go to trial in this case, the United States would be able to prove those facts beyond a reasonable doubt:

    In December 2020, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began an investigation into the defendant's manufacturing and trafficking of



SCANNED
AUG 26 2021
U.S. DISTRICT COURT ST. PAUL

privately made firearms, commonly referred to by the public (and the defendant himself) as "ghost guns."

On January 15, 2021, the defendant met with two undercover ATF agents in a parking lot of a business in Faribault, Minnesota, for the purpose of selling a privately manufactured firearm to them. The defendant remained in his vehicle during the transaction, where the undercover agents saw a short-barreled shotgun and asked to see it. The defendant displayed the short-barreled shotgun to the undercover agents at their request. After the transaction was complete, the police took the defendant into custody and ultimately recovered the short-barreled shotgun from the defendant's vehicle. They also executed a search warrant at the defendant's residence in Owatonna, Minnesota, during which time they seized a computer numerical control ("CNC") machine used for manufacturing firearms, as well as other evidence as set forth in Attachment A.

The short barreled shotgun was examined by an ATF expert, who determined it was an operable 12-gauge shotgun with a barrel length of approximately 11 inches and a total overall length of 18 inches.

The defendant stipulates that he knowingly possessed a firearm on January 15, 2021, specifically: (1) he knew the firearm had a barrel of less than 18 inches in length and it also had an overall modified length of less than 26 inches; (2) the firearm was capable of operating as designed or could readily be put in operating condition; and (3) he did not register this firearm in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. The defendant further stipulates that he acted voluntarily and he knew his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily withdraws the pretrial motions he has already filed and gives up the right to file any additional pre-trial motions in this case.

4. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

   a. a maximum of 10 years' imprisonment. 26 U.S.C. § 5871;
   b. a supervised release term of 3 years. 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2);
   c. a fine of up to $10,000 (26 U.S.C. § 5871);
   d. a mandatory special assessment of $100. 18 U.S.C. § 3013(a)(2)(A); and
   e. assessment to the defendant of the costs of prosecution as defined in 28 U.S.C. §§ 1918(b) and 1920.

5. **Revocation of Supervised Release**. The defendant understands that if he were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

a. <u>Base Offense Level</u>. The parties agree that the base offense level for possession of an unregistered firearm is 18. U.S.S.G. § 2K2.1(a)(5).

b. <u>Specific Offense Characteristics</u>. The government believes that the offense level should be increased by 4 levels, because the defendant used or possessed the short-barreled shotgun in connection with another felony offense, specifically, engaging in the business of manufacturing and dealing in firearms without a license in violation of 18 U.S.C. 922(a)(1)(A). U.S.S.G. § 2K2.1(b)(6)(B). The defendant does not believe that the offense level should be increased. The parties will present their respective positions at sentencing.

Other than described above, the parties agree that no other specific offense characteristics apply.

c. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional 1-level reduction at sentencing pursuant to § 3E1.1(b). However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, including accurate and truthful financial information, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. §3E1.1. Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

The parties agree that other than as provided for herein, no other Chapter 3 adjustments apply.

d. <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the defendant's criminal history category is II. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status (which might impact the defendant's adjusted offense level) will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the Court ultimately determines that his criminal history category is other than II, such a determination will not provide a basis for either party to withdraw from this Plea Agreement, and the defendant will

4

     be sentenced according to the Court's determinations. U.S.S.G. § 4A1.1.

e. <u>Guideline Range</u>. If the offense level is 19 (18 (base) +4 (in connection with dealing without a license) -3 (acceptance of responsibility) and the criminal history category is II, the Sentencing Guidelines range is 33-41 months of imprisonment.

     If the offense level is 15 (18 (base) -3 (acceptance of responsibility) and the criminal history category is II, the Sentencing Guidelines range is 21-27 months.

f. <u>Fine Range</u>. If the adjusted offense level is 19, the fine range is $10,000 to $100,000.
If the adjusted offense level is 15, the fine range is $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3).

     However, the offense of conviction carries a statutory maximum fine of $10,000. 26 U.S.C. § 5871.

g. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of not more than 3 years. U.S.S.G. § 5D1.2; 18 U.S.C. §§ 3583(b)(1) and 3559(a)(1).

h. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departures from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

7. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may

not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant understands that the special assessment becomes due and payable at sentencing.

9. **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the defendant's sentence, unless the sentence exceeds 27 months. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

10. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 26 U.S.C. 5872, all property constituting or derived from proceeds obtained from the offenses and all property used, in any manner or part, to commit or to facilitate the commission of the offense, including, but not limited to: an unmarked 12-gauge shotgun with a barrel measuring less than 18 inches, and an overall length of less than 26 inches.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may

have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms, ammunition, and accessories.

11. **Consent to Abandonment, Transfer, or Destruction of Other Property.** The defendant hereby voluntarily surrenders and relinquishes all rights, title, and interest in, and all claims to the property described in Attachment A. The defendant agrees that said property may be disposed of by the United States in accordance with applicable law, consents to its forfeiture, and abandons any interest he has in said property. The defendant consents to the destruction of the property and withdraws any claim or petition he has filed with respect to the property.

The defendant waives any right he would otherwise have to receive notice of any forfeiture proceeding, any right to challenge any forfeiture, and any right to later request remission or mitigation of forfeiture or otherwise seek the return of the above-described property under Federal law. The defendant expressly waives all constitutional, legal and equitable claims arising out of and/or defenses to forfeiture of the property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment including any claim that such forfeiture constitutes an Excessive Fine.

The defendant releases and holds harmless the U.S. Department of Justice and all federal and local law enforcement personnel from any and all claims for damages, causes of action or suits related to the seizure, custody, destruction, or other lawful disposition of the above-described property.

12. **Disposition of Other Property.** ATF Item Number 2, a Sun City Machinery shotgun, SN-172613A will be disposed of to an approved third party designee, pursuant to

7

Henderson v. United States, 575 U.S. 622, 135 S. Ct. 1780 (2015). Upon identification of a qualifying third party, appropriate assurances from the third party and a Court order approving the transfer, the firearm will be released from ATF directly to the third party. If this process is not completed within 6 months after the signing of this agreement, the Defendant hereby agrees that his interest in the property will be abandoned upon the expiration of the 6 months.

ATF item numbers 8 (an HP laptop model 17-AR050WM with serial number 5CD7325KTO) and 44 (a black Samsung Galaxy S9 (SM G9OU) cellular telephone with IMEI 352410093380314) will have their data erased and then will be returned to the defendant or a third party designee.

13. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act, 5 U.S.C. § 552, or any other similar law or process.

14. **Complete Agreement.** This, along with Attachment A and any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: August 25, 2021

W. ANDERS FOLK
Acting United States Attorney

BY: JUSTIN A. WESLEY
Assistant U.S. Attorney

Date: 8/25/21

DAYTON CHARLES SAUKE
Defendant

Date: 25 Aug 2021

ANDREW MOHRING
Counsel for Defendant

9

## Attachment A Description of Property

| ATF Item Number | Custody Date | Description | ATF Barcode |
|---|---|---|---|
| 000006 | 1/15/2021 | OTHER: OTHER, ELEVEN (11) POLYMER 80 JIGS | *2527603* |
| 000009 | 1/15/2021 | OTHER: OTHER, FIREARM KIT WITH FRAME, MAGAZINES, SLIDE, BARRELL, SIGHTS, MISC PARTS, AND MISC. PAPERWORK | *2527618* |
| 000011 | 1/15/2021 | OTHER: OTHER, POLYMER 80 RECEIVER (PF940C) | *2527645* |
| 000013 | 1/15/2021 | OTHER: OTHER, INSTRUCTION BOOKLET FOR 1911 PHANTOM JIG STEALTH ARMS | *2527657* |
| 000014 | 1/15/2021 | OTHER: OTHER, BLUE FLORAL BAG CONTAINING DRUG PARAPHENALIA | *2527661* |
| 000015 | 1/15/2021 | OTHER: OTHER, DRUG PARAPHENALIA | *2527663* |
| 000018 | 1/15/2021 | OTHER: OTHER, CARDBOARD POLYMER80 BOX | *2527692* |
| 000021 | 1/15/2021 | OTHER: OTHER, RIVAL ARMS PRECISION DROP IN BARREL (FITS GLOCK 19) | *2527713* |
| 000027 | 1/15/2021 | OTHER: OTHER, UNOPENED PACKAGE FROM JSD SUPPLY ADDRESSED TO DAYTON SAUKE | *2527734* |
| 000028 | 1/15/2021 | OTHER: OTHER, UNOPENED PACKAGE FROM ROCKEY BRASS ADDRESSED TO DAYTON SAUKE | *2527740* |
| 000030 | 1/15/2021 | OTHER: OTHER, RED GRINDER CONTAINING MARIJUANA RESIDUE | *2527746* |
| 000031 | 1/15/2021 | OTHER: OTHER, ROGERS GLOCK MAG WELL (FITS GLOCK 19/23/32/38) | *2527748* |
| 000032 | 1/15/2021 | OTHER: OTHER, BLACK CARDBOARD POLYMER80 BOX | *2527751* |
| 000033 | 1/15/2021 | OTHER: REAL ABID 4 IN 1 TOOL FOR GLOCK | *2527753* |
| 000034 | 1/15/2021 | OTHER: OTHER, ASSORTED GUN PARTS | *2527757* |
| 000037 | 1/15/2021 | OTHER: OTHER, BLACK GRIDER CONTAINING RESIDUE | *2527768* |
| 000038 | 1/15/2021 | AMMUNITION: AMMUNITION COMPONENTS, QTY: 100, MNF: HORNADY, CAL: 9 | *2527772* |
| 000039 | 1/15/2021 | OTHER: OTHER, DRUG PARAPHENALIA (GLASS PIPE CONTAINING RESIDUE) | *2527776* |
| 000040 | 1/15/2021 | OTHER: OTHER, DRUG PARAPHENALIA AND PACKAGING (SMOKING DEVICES, CARTRIDGES, ETC.) | *2527779* |
| 000041 | 1/15/2021 | DRUG: OTHER NARCOTICS, QTY: 1, MEA: GRAMS , ONE (1) TONIX CONCENTRATE 1GRAM HYBRID, WATERMELON CANNABIS EXTRACT CARTRIDGE | *2527784* |
| 000042 | 1/15/2021 | DRUG: OTHER NARCOTICS, QTY: 1, MEA: GRAMS , ONE (1) BLACK DIAMOND CANNABIS EXTRACT CARTRIDGE, SUNSET SHERBERT (THC 85%) | *2527799* |
| 000050 | 1/15/2021 | DRUG: OTHER NARCOTICS, QTY: 59.9, MEA: GRAMS , 97 LIGHT GREEN PILLS WEIGHING 59.1 GRAMS INCLUDING PACKAGING | *2528028* |
| 000052 | 1/15/2021 | OTHER: OTHER, ONE (1) CARDBOARD BOX CONTAINING PARTS FOR USE WITH CNC FIREARMS MANUFACTURING MACHINE | *2528041* |
| 000053 | 1/15/2021 | OTHER: OTHER, ONE (1) CNC FIREARMS MANUFACTURING MACHINE, UNKNOWN MAKE AND MODEL | *2528048* |
| 000055 | 1/28/2021 | OTHER: OTHER, USPS PRIORITY MAIL PACKAGE (TRACKING NUMBER 9410 8112 0255 5518 5064 37) ADDRESSED TO DAYTON SAUKE, 640 13TH ST SE, OWATONNA, MN 55060-4111 WITH SENDER IDENTIFIED AS JSD SUPPLY 1052 NEW CASTLE ROAD, PROSPECT, PA 16052 | *2531863* |
| 000058 | 2/9/2021 | OTHER: OTHER, MAIL INNOVATIONS PACKAGE (TRACKING NUMBER 9274 8901 0937 8055 3031 0871 35) ADDRESSED TO DAYTON SAUKE, 640 13TH ST SE, OWATONNA, MN 55060 | *2537448* |
| 000059 | 2/9/2021 | OTHER: OTHER, MAIL INNOVATIONS PACKAGE (TRACKING NUMBER 9274 8901 0937 8055 3031 0935 87) ADDRESSED TO DAYTON SAUKE, 640 13TH ST SE, OWATONNA, MN 55060 | *2537450* |
| 000060 | 2/10/2021 | OTHER: OTHER, USPS PRIORITY MAIL PACKAGE (TRACKING NUMBER 9405 5112 0255 5326 7260 93) ADDRESSED TO DAYTON SAUKE, 640 13TH ST SE, OWATONNA, MN 55060-4111 WITH SENDER IDENTIFIED AS JSD SUPPLY 1052 NEW CASTLE ROAD, PROSPECT, PA 16052 | *2537639* |