**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | Case No. 21-cr-36 (NEB/DTS) |
| v. | **MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |
| DAYTON CHARLES SAUKE, | |
| Defendant. | |

The United States of America, by and through W. Anders Folk, Acting United States Attorney for the District of Minnesota, and Quinn Hochhalter, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On February 11, 2021, a Grand Jury in the State and District of Minnesota returned an Indictment against Defendant Dayton Charles Sauke, charging him with Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (Count 1). ECF No. 9.  The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), of any firearm involved in any violation of the National Firearms Act, including, but not limited to, an unmarked 12-gauge shotgun with a barrel measuring less than 18 inches, and an overall length of less than 26 inches, seized from the Defendant on January 15, 2021 ("the Property"). *Id*. at 1-2.

On August 25, 2021, the Defendant pled guilty to Count 1 of the Indictment. ECF No. 70 at ¶ 1. The Defendant admitted that on or about January 15, 2021, he met two undercover ATF agents in a parking lot of a business in Faribault, Minnesota, for the purpose of selling a privately manufactured firearm to them. *Id*. at ¶ 2. The Defendant displayed the Property to the undercover agents and, after the transaction was complete and the agents took the Defendant into custody, they recovered the Property from the Defendant's vehicle. *Id*. The Defendant stipulated that he knowingly possessed the Property on January 15, 2021, that he knew it had a barrel of less than 18 inches in length and it had an overall modified length of less than 26 inches, that the Property was capable of operating as designed or could readily be put in operating condition, and that he did not register the Property in the National Firearms Registration and Transfer Record, all in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. *Id*. The Defendant stipulated he acted voluntarily and knew his actions violated the law. *Id*.

The Defendant agreed to forfeit to the United States, pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872, all property constituting or derived from proceeds obtained from the offenses and all property used, in any manner or part, to commit or to facilitate the commission of the offense, including, but not limited to the Property. *Id*. ¶ 10. The Defendant further consented to the abandonment, transfer, destruction, or disposition of other property. *Id*. at ¶¶ 11-12, *see also* Attachment A (ECF No. 70 at 10).

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

2

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

>(A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
>(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

>(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Based upon the evidence set forth in the Indictment and the Plea Agreement, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pled guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872 in conjunction with 28 U.S.C. § 2461(c).

Section 853(n)(1) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have

alleged an interest in the property. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the property can obtain a judicial determination of the validity of the legal claims or interests they assert. Pursuant to Section 853(n)(7), following the disposition of all third-party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture for the Property.

Respectfully submitted,

Dated: September 14, 2021

W. ANDERS FOLK
Acting United States Attorney

*s/ Quinn Hochhalter*

BY: QUINN HOCHHALTER
Assistant U.S. Attorney
Attorney ID No. 07791ND
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55412
612-664-5600
Quinn.Hochhalter@usdoj.gov