AO 245D (Rev. 09-19)  Sheet 1 - Judgment in a Criminal Case for Revocations

# United States District Court

## District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release) |
| v. | Case Number: **21-CR-36-NEB/DTS (1)**<br>USM Number: **25916-509** |
| **DAYTON CHARLES SAUKE** | <u>**Andrew Mohring**</u><br><span style="font-size:small">Defendant's Attorney</span> |

**THE DEFENDANT:**

☒  admitted guilt to violation of mandatory, standard and special conditions of the term of supervision.

☐  was found in violation of condition(s) after denial of guilt.

The defendant is adjudicated guilty of these violations:

| <u>Violation Number</u> | <u>Nature of Violation</u> | <u>Violation Ended</u> |
|---|---|---|
| Mandatory Condition | You must not commit another federal, state or local crime. -MDMA | Aug 2023 and Feb 2024 |
| | You must not commit another federal, state or local crime. - Firearm | 12/14/23 and 2/9/24 |
| Standard Condition | You must answer truthfully the questions asked by your probation officer. | 2/28/24 |
| Standard Condition | You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. | 1/10/24 and 1/14/24 |
| Special Condition | The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages. | January 2024 |

The defendant is sentenced as provided in pages 1 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)            and is discharged as to such violation(s) condition.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| Last Four Digits of Defendant's Soc. Sec. 8515 | **March 26, 2024** |
| | Date of Imposition of Judgment |
| Defendant's Year of Birth: 1998 | **s/Nancy E. Brasel** |
| | Signature of Judge |
| | **NANCY E. BRASEL**<br>**UNITED STATES DISTRICT JUDGE** |
| City and State of Defendant's Residence:<br>St. Paul, MN | Name and Title of Judge |
| | **March 27, 2024** |
| | Date |

AO 245D  (Rev. 09-19)  Sheet 2 - Imprisonment

DEFENDANT:            DAYTON CHARLES SUAKE
CASE NUMBER:        21-CR-36-NEB/DTS (1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
24 months.

☒     The court makes the following recommendations to the Bureau of Prisons: The Defendant shall be placed in a facility in the
        state of Minnesota so he may be close to his girlfriend who is expecting their first child.


☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:

        ☐     at                                    ☐     a.m.     ☐     p.m.     on
        ☐     as notified by the United States Marshal.


☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐     before  on
        ☐     as notified by the United States Marshal.
        ☐     as notified by the Probation or Pretrial Services Office.


# RETURN

I have executed this judgment as follows:


        Defendant delivered on _____ to


at _____, with a certified copy of this judgment.




                                                                UNITED STATES MARSHAL

                                                                        By
                                                                DEPUTY UNITED STATES MARSHAL




2

AO 245D (Rev. 9/19)  Sheet 3 - Supervised Release

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 1 year.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245D (Rev. 09-19)  Sheet 3A - Supervised Release

| | |
|---|---|
| DEFENDANT: | DAYTON CHARLES SUAKE |
| CASE NUMBER: | 21-CR-36-NEB/DTS (1) |

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____    Date _____

Probation Officer's Signature _____    Date _____

AO 245D (Rev. 09-19)  Sheet 3B – Supervised Release

DEFENDANT:          DAYTON CHARLES SUAKE
CASE NUMBER:        21-CR-36-NEB/DTS (1)

# SPECIAL CONDITIONS OF SUPERVISION

a.  The defendant shall comply with the mandatory and standard conditions in effect as of November 1, 2016. All previous terms and conditions of release to remain, including those imposed at the time of sentencing and in a previous modification order dated June 14, 2023.

b.  For the purpose of verifying compliance with any Court-imposed condition of supervision, the defendant shall be placed on a program of Stand-Alone Monitoring for a period of up to 180 days, in which he will be monitored using global positioning system (GPS) technology with or without a specified schedule, as directed by the probation officer. The defendant shall not be required to pay the costs of location monitoring.

c.  If the US Probation Office believes this program will assist the defendant, the defendant shall be screened for and/or participate in Reentry Court programming and shall abide by all rules of the program. Screening and/or participation may include referrals for substance abuse assessment and/or treatment and testing, mental health assessment and/or treatment, cognitive behavioral programs, medication compliance, and any other programming deemed appropriate to enhance the successful reintegration of the defendant into the community. This condition is left to the discretion of the US Probation Office for consideration at the end of the defendant's sentence.